UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00068-LLK

LACI NICOLE BROWN                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's fact and law summary in support of complaint seeking judicial review, pursuant to the fourth sentence of 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Fact and law summary, Docket 15. Additionally, Plaintiff filed a motion to remand to the Commissioner for consideration of new and material evidence pursuant to the sixth sentence of Section 405(g). Motion, Docket 16. The Commissioner filed a responsive fact and law summary in opposition to both the complaint and the motion. Fact and law summary, Docket 19.

The parties consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 12.

For the reasons below, Plaintiff failed to prove materiality of the allegedly new and material evidence, and the administrative law judge's (ALJ's) decision was supported by substantial evidence. Therefore, the Court will DENY Plaintiff's motion to remand (Docket 16), AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

Plaintiff alleges that she became disabled on March 11, 2014 after she fell and hurt herself. Administrative record (AR), p. 555.

In June 2014, Plaintiff began treatment with neurosurgeon William A. Schwank.  AR, p. 649.  At approximately the same time in June 2014, she applied for Supplemental Security Income benefits pursuant to Title XVI of the Social Security Act.

In August 2014 and February 2015, Dr. Schwank performed lumbar surgeries.  AR, pp. 645-646, 720-721.

In August 2015, Plaintiff became a full-time student at a technical college.

In October 2015, Plaintiff told treating advanced practice registered nurse (APRN) Angela Jessie that "she has seen her neurosurgeon [Dr. Schwank] and advised him she is getting better and would like to work a part time job as well as attend school."  AR, p. 885.

In October 2015, Dr. Schwank completed a Medical Source Statement opining disabling limitations.  For example, Dr. Schwank found that Plaintiff:  1) Can sit for a total (in an 8 hour working day, with normal breaks) of less than 2 hours and can stand/walk for a total of less than 2 hours (which does not allow for full-time work); 2) Would need to take unscheduled breaks every 2 hours to lie down for 30 minutes at a time; 3) Would be off task due (due to severe symptoms interfering with attention / concentration needed to perform even simple tasks) 25% of the time or more; and 4) Would be absent from work as a result of impairments / treatment more than 4 days per month.  *See* Dr. Schwank's findings at AR, pp. 881-883 and vocational expert's (VE's) testimony based on those findings at AR, pp. 68-70.

**The ALJ's decision**

In December 2015, the ALJ issued his decision, finding that Plaintiff was not disabled from June 2014 (the application date) through December 2015 (the decision date).

The ALJ gave Dr. Schwank's disabling findings "little weight."  AR, p. 27.

The ALJ found that Plaintiff's degenerative disc disease, mood disorder, and alcohol abuse limit her to light work (with some additional postural and mental restrictions) and that she is not disabled

because she retains the ability to perform her past relevant work as an inspector/packer as well as a significant number of other jobs in the national economy.  AR, pp. 22, 25, 28.

**Plaintiff's arguments**

Plaintiff argues that the ALJ erred in discounting Dr. Schwank's disabling findings, requiring this Court to remand the matter to the Commissioner "to correct its error."  Fact and law summary, Docket 15, p. 8.  Alternatively, Plaintiff moves for a remand for consideration of new and material evidence.  Motion, Docket 16.  The allegedly new and material evidence consists of the results (interpretation) of a June 2016 MRI obtained after the ALJ's December 2015 decision.  *See* MRI results at Docket 16-2.

**The ALJ did not err in discounting Dr. Schwank's disabling findings.**

The ALJ gave "little weight" to Dr. Schwank's disabling findings because:  1) "Dr. Schwank filled out a check off form that does not contain any explanation referencing objective medical evidence"; and 2) "Dr. Schwank's opinion, including the alleged inability to sit for more than 30 minutes [at a time], does not correspond to the claimant's status as a full-time student with five classes including a welding class."  AR, p. 27.  An ALJ may discount a treating source's medical opinion in light of a claimant's "own reports of his daily activities [that are] inconsistent with [the treating source's] medical opinions."  *Irvin v. Comm'r*, 573 F. App'x 498, 501 (6th Cir. 2014).  Additionally, Dr. Schwank's disabling October 2015 findings are at odds with Plaintiff's report to Nurse Jessie (also in October 2015) that she "advised [Dr. Schwank] she is getting better and would like to work a part time job as well as attend school."  AR, p. 885.

The ALJ identified adequate bases for discounting Dr. Schwank's disabling findings.

The administrative record contains additional (perhaps more fundamental) reasons for discounting Dr. Schwank's findings.  Specifically, Dr. Schwank qualified his findings as follows (based on the questions Plaintiff asked him) (AR, p. 881):

3. Given your review of the March 11, 2014 office note of Barret Lessenberry, M.D., and report of x-ray of the lumbar spine of March 11, 2014 [AR, pp. 660-662], do you believe that the

3

conditions for which you have treated Ms. Brown were present at a disabling level as of March 11, 2014?

Answer: Yes

4. Has there been improvement so that you find that Ms. Brown could return to some type of sustained full-time work? If yes, when did that improvement in condition occur?

Answer: Not at the present time, maybe early next year.

5. As a result of your patient's impairments, estimate your patient's functional limitations if your patient were placed in a competitive work situation from March 11, 2014 until the date identified in your response to Question 4 in subparts a-m.

Answer: [Dr. Schwank opined the disabling findings that Plaintiff argues the ALJ erred in discounting.]

These questions are problematic (and, therefore, undermine the relevance for disability-determination purposes of Dr. Schwank's findings) for three reasons. First, what constitutes a "disabling level" of limitation or a level of improvement that would permit a "return to some type of sustained full-time work" is a vocational-legal conclusion, not a medical fact. Second, because Plaintiff first visited Dr. Schwank in June 2014, his opinion confirming Plaintiff's suggested March 11, 2014 onset of disability date was not necessarily based on any special insight he had as a treating source, which is the underling rationale for giving special weight to treating-physician opinions. Third, Dr. Schwank's statement that "maybe [by] early next year" the opined limitations will have reached a non-disabling level of severity suggests that those limitations do no satisfy the so-called duration requirement. *See* 20 C.F.R. § 404.1509 (To be disabling, limitations must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement").

There were ample reasons in support of the ALJ's discounting Dr. Schwank's disabling findings.

**A remand for consideration of new and material evidence is unwarranted.**

The sixth sentence of 42 U.S.C. § 405(g) authorizes this Court to remand a case to the Commissioner for consideration of new and material evidence.

4

Plaintiff argues that a remand is required for the ALJ to consider the results of a June 2016 MRI obtained approximately six months after the ALJ's decision in December 2015. The MRI revealed that:

> There is a recurrent disc herniation on the left at L3-4. That measures approximately 1 cm on sagittal. There appears to be an extruded fragment extending into the left neuroforamen. That measures approximately 8 mm. There is a diffuse, mild disc bulge as well. The right neuroforamen remains well preserved. (Docket 16-2, p. 1).

Evidence is "material" only if there is "a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson v. Comm'r*, 628 F.3d 269, 276 (6th Cir. 2010). "[E]vidence of subsequent deterioration in [a plaintiff's] condition [after the ALJ's decision is] deemed immaterial." *Id.* at 278. In the case of a subsequent deterioration, a plaintiff's remedy is to "initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988).

Plaintiff argues (speculates) that the L3-4 disc herniation (evidenced by the June 2016 MRI) recurred some time after the (second) February 2015 surgery but before the ALJ's December 2015 decision. *See* Plaintiff's motion to remand, Docket 16-1, p. 2 (arguing that the June 2016 MRI "supports [her] allegations of continuing problems post February 2015 surgery"). Plaintiff identifies no evidence supporting this argument. The evidence at least equally well supports a conjecture that the herniation recurred <u>after</u> the ALJ's decision. *See e.g.* AR, pp. 44, 45, 762, 799 (Plaintiff's condition improved by about 40% after the February 2015 surgery to the extent that, in August 2015, she became a full-time student).

Because Plaintiff failed to prove materiality, a remand for consideration of new and material evidence is unwarranted.

**Order**

Therefore, Plaintiff's motion to remand (Docket 16) is hereby DENIED, the Commissioner's final decision is AFFIRMED, and Plaintiff's complaint is DISMISSED.